REGAN, Judge.
Plaintiff, Wisner Breaux, a 26-year-old welder, instituted this suit against the defendants, Standridge Brothers, Inc., and its insurer, the Travelers Insurance Company, endeavoring to recover workmen’s compensation at the rate of $30 per week for a period of 400 weeks, subject to a credit of 29 weeks. In his petition plaintiff asserted that he was totally and permanently disabled as the result of injuries incurred in the course and scope of his employment on March 13, 1956, when a sheet of steel he was cutting fell upon him.
Defendants answered and admitted the occurrence of the accident, but denied that any further compensation payments were due plaintiff since he has fully recovered from the injuries resulting from the accident and is therefore able to perform all of the duties of his former employment.
From a judgment in favor of defendants and against plaintiff dismissing his suit, he has prosecuted this appeal.
The record reveals that on the day of the accident plaintiff was employed by Standridge Brothers, Inc., as a welder. He testified that on March 12 or 13, 1956, he was cutting a sheet of steel measuring 2CK x 5' x and when he paused to adjust his torch, a gust of wind blew the steel down upon him. His fellow workers removed the steel, and he was then taken to Touro Infirmary. As a result of the accident, he suffered a fractured vertebra; he was immobilized by use of a Stryker frame for about a week and then placed in a body cast for a period of about eight weeks. After the cast was removed, plaintiff was required to wear a brace until July. Defendants’ orthopedist, Dr. George D. B. Burkett, continued to treat the plaintiff until October at which time he reported that the plaintiff was able to return to his former occupation.
*888 After plaintiff was released from treatment by Dr. Burkett, he sought the advice of counsel, who sent him to Dr. Nick J. Accardo, an orthopedist. On November 5, 1956, Dr. Accardo expressed the opinion:
“ * * * this patient has been treated adequately and at the present time is completely recovered from the original disability. It is my opinion that this patient can return to his former occupation with no residual disability.”
Plaintiff fully concedes that the fractured vertebra has healed but asserts, despite the fact that no allegation to this effect appears in his petition, that he is suffering from a posttraumatic neurosis which has rendered him totally unfit to resume his former occupation.
In support of this assertion he offered the expert psychiatric testimony of Drs. Richard M. Paddison and Gene Usdin, who were of the opinion that his present complaints “are not of an organic origin, but he is suffering from a post-traumatic neurosis.”
Plaintiff on appeal insists that the district judge in deciding the case in favor of defendants did not give sufficient consideration to the testimony of the above psychiatrists.
In his written reasons for judgment the trial judge expressed the opinion that:
“ * * * the medical testimony adduced by both sides was carefully considered by the Court, together with the evidence of the existence of the accident, which the Court is of the firm belief did take place while he was so employed, and the Court thus considering the testimony of medical experts is of the firm opinion that the plaintiff did suffer certain injuries while in the performance of his duties but that his injuries ceased to exist on October 1, 1956,[1] which is the date of the last payment of the compensation by the defendants herein. Thus the Court being of the opinion that the plaintiff no longer is incapacitated and that the injuries he received have responded to treatment and that as of October 1, 1956,[2] he was able to return to his normal duties, accordingly * *
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof, after fully evaluating all of the medical testimony adduced by both litigants, concluded that the plaintiff as of October 1, 1956, was capable of resuming his former employment.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us. We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing orthopedic and psychiatric testimony or by endeavoring to reconcile the respective litigants’ insistence that the plaintiff can or cannot resume his former employment. The trial judge surely was not impressed by the psychiatric testimony, and our analysis of the record convinces us that the evidence preponderates in favor of his conclusion that the plaintiff is fully capable of resuming his former occupation as a welder.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent.

. Respective counsel stipulated during the course of oral argument before this court that the trial judge inadvertently inserted in his opinion the date of May 1, 1956, when in fact the date should have been October 1, 1956.

. See note 1.